IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRY D. BURCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV-06-502-L |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## **O R D E R**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying his application for disability insurance and supplemental security income benefits under the Social Security Act. Pursuant to 28 U.S.C. § 636(b), this matter was referred to the Honorable Shon T. Erwin for initial decision. On April 16, 2007, Judge Erwin issued his Findings and Recommendation recommending that the Commissioner's decision be reversed and this matter be remanded for further proceedings.

This matter is before the court on the Commissioner's timely filed objections to the Findings and Recommendation. Pursuant to 28 U.S.C. § 636(b), the court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." In his

objections, the Commissioner contends Judge Erwin improperly reweighed the evidence and incorrectly assumed Nancy A. Didriksen, Ph.D, was a treating physician.  The Commissioner asserts Dr. Didriksen cannot be considered a treating physician because she performed only a "very brief" evaluation of plaintiff.

The court's review of the Commissioner's decision is limited to determining "whether it is supported by substantial evidence and whether the [Commissioner] applied the correct legal standard."  Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994).  In making this determination, the court must closely examine the record as whole.  See Andrade v. Secretary of Health and Human Servs., 985 F.2d 1045, 1047 (10th Cir. 1993).  "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'  In addition to a lack of substantial evidence, the [Commissioner's] failure to apply the correct legal standards, or to show us that she has done so, are also grounds for reversal."  Winfrey v. Chater, 92 F.3d 1017, 1019 (10th Cir. 1996) (citations omitted).

In accordance with the governing standards, the court has reviewed the Findings and Recommendation, the Commissioner's objections thereto and the case file.  Based on that review, the court finds the Commissioner's assertion that Dr. Didriksen should not be considered a treating physician is correct.  A treating physician relationship

> requires a relationship of both duration and frequency.  "The treating physician doctrine is based on the assumption that a medical professional *who has dealt with*

> *a claimant and his maladies over a long period of time* will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once, or who has only seen the claimant's medical records." *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994) (emphasis added). As the Supreme Court recently observed, "the assumption that the opinions of a treating physician warrant greater credit that [sic] the opinions of [other experts] may make scant sense when, for example, the relationship between the claimant and the treating physician has been of short duration."

Doyal v. Barnhart, 331 F.3d 758, 762 (10th Cir. 2003). The record reflects that while Dr. Didriksen performed a number of tests on plaintiff over a three day period in March and April 2004, each day's testing period was limited to approximately one hour. Tr. at 321, 328. In addition to the three hours of testing, Dr. Didriksen met with plaintiff for a one hour therapy session in July 2004. Tr. at 334. Also during July 2004, Dr. Didriksen administered the Clinical Analysis Questionnaire to plaintiff; the record does not reflect the length of this testing session. Tr. at 341. Based on Dr. Didriksen's limited time with plaintiff, the court finds she should not be considered a treating physician. Nonetheless, the court concludes the Administrative Law Judge ("ALJ") erred in giving greater weight to the opinion of Alvin Smith, Ph.D, a non-examining medical expert, than to Dr. Didriksen. Although she cannot be considered a treating physician, Dr. Didriksen's examination is akin to that of an examining physician. "The opinion of an examining physician is generally entitled to less weight than that of a treating physician, and the opinion of an agency physician who has never seen the claimant is entitled to the least weight of all."

Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004).  Notwithstanding this rule, the ALJ gave no weight to Dr. Didriksen's conclusions, while giving controlling weight to Dr. Smith's opinion.  This error is compounded by the ALJ's acceptance of and reliance on the results of the tests performed by Dr. Didriksen[1] while rejecting the conclusions she derived from those very tests.  In addition, the ALJ never addressed Dr. Didriksen's assessment that plaintiff had a GAF score of 40.[2]   An ALJ, however, is not entitled to pick and choose only the medical evidence that favors a finding of nondisability while ignoring evidence that is favorable to the claimant.  See Haga v. Astrue, 482 F.3d 1205 (10th Cir. 2007).  The court concurs with Judge Erwin's finding that Dr. Didriksen's conclusions "were not based solely on the environmental illness diagnosis, and thus merit more discussion by the ALJ." Findings and Recommendation at 7.  In addition, the court agrees that, on remand, a consultative psychological examination is warranted.

Based on the court's review of the entire record, the court concurs with Judge Erwin's conclusion that the Commissioner's decision must be reversed and this

---

[1] *See* Tr. at 19 (This opinion is based on tests and examinations".); id. at 20 (Dr. Smith "said an exam by Dr. Didriksen . . . showed a cognitive disorder caused unevenness in his performance of cognitive tasks. . . .  His opinion is strongly supported by the tests performed").  *See also* Tr. at 518-19.  The only "tests performed" were those administered by Dr. Didriksen.

[2] The GAF is a subjective determination based on a scale of 100 to 1 of "the clinician's judgment of the individual's overall level of functioning." Am. Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* 32 (Text Revision 4th ed. 2000).  A GAF score of 31-40 indicates "[s]ome impairment in reality testing or communication" or "*major impairment* in several areas, such as work or school, family relations, judgment, thinking, or mood." *Id.* at 34 (emphasis added).

matter must be remanded to the Commissioner for further proceedings. The Findings and Recommendation are therefore APPROVED and ADOPTED in their entirety. The Commissioner's decision is REVERSED and this matter is REMANDED to the Commissioner for further proceedings. Judgment shall issue accordingly.

It is so ordered this  15th  day of May, 2007.

*Tim Leonard*
TIM LEONARD
United States District Judge